# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **A.L. and F.R.**

**No. 17-0284** (Braxton County 16-JA-39 & 16-JA-40)

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.R., by counsel Andrew Shumate, appeals the Circuit Court of Braxton County's March 13, 2017, order terminating her parental and custodial rights to A.L. and F.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), David Karickhoff, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that the DHHR made reasonable efforts to achieve reunification despite the constant change in workers in the case.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that she and her child, A.L., both tested positive for methamphetamine and opiates at the time of the child's birth. From the day after the child's birth in May of 2016, to the day the petition was filed in July of 2016, petitioner was under an agreed protection plan where the child's maternal grandparents would care for the child and petitioner would comply with services, including drug screens, adult life skills, and parenting training in order to assist her in remedying safety issues so the child could be placed in her care. According to the DHHR, petitioner failed to comply with the terms of the plan and continued to abuse drugs.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner does not raise a specific assignment of error regarding the circuit court's termination of parental rights.

In August of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the conditions of abuse and neglect. The circuit court granted petitioner a post-adjudicatory improvement period. According to the DHHR, the case plan required petitioner to remain drug and alcohol free; complete a psychological and drug abuse evaluation; complete recommended substance abuse treatment; maintain suitable housing and employment; complete adult life skills, parenting training, and anger management counseling; and participate in visitation.

According to the DHHR, petitioner began some services, but failed to complete a single term or condition of her improvement period. Petitioner tested positive for illicit substances in June of 2016. Further, petitioner stopped submitting to screens in August of 2016, except for in January of 2017, when she tested positive for methamphetamine and opiates. Petitioner stopped participating in parenting and adult life skills training in September of 2016. Petitioner also failed to appear for her psychological evaluation and substance abuse evaluation. Although petitioner was allowed visitation with her children, she only visited with them for a few weeks in July and August of 2016, and then stopped visiting altogether.

In February of 2017, the DHHR filed a motion to terminate petitioner's parental and custodial rights based on her non-compliance with the terms and conditions of her improvement period. The circuit court held a dispositional hearing addressing the DHHR's motion. Petitioner arrived late to the hearing, but was represented by counsel. Once she arrived, she chose not to testify. The circuit court found that petitioner failed to participate in her improvement period and found no reasonable likelihood that she could substantially correct the issues of abuse and neglect in the near future. The circuit court ultimately terminated petitioner's parental and custodial rights to the children in its March 13, 2017, order.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[3]According to the DHHR, J.J., the father of A.L., voluntarily relinquished his parental rights to A.L., who is placed with his maternal grandparents with a permanency plan of adoption in that home. F.R. is also currently placed with the maternal grandparents. According to the guardian and the DHHR, the permanency plan for F.R. is to be placed with a family member.

2

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the findings below.

In her sole assignment of error, petitioner argues that the circuit court erred in finding that the DHHR made reasonable efforts to achieve reunification despite the constant change in workers in the case. In support of her argument, petitioner asserts that the DHHR's efforts were "thwarted by the constant change in workers and the failure of the Department to maintain constant communication with petitioner." Petitioner is correct that the DHHR was obligated to provide services to achieve reunification. Here, petitioner was granted a post-adjudicatory improvement period and the circuit court ordered the DHHR to provide services to petitioner, including drug screens, psychological and drug abuse evaluations, substance abuse treatment, adult life skills and parenting training, anger management counseling, and visitation. The record shows that the DHHR made these services available to petitioner.

West Virginia Code § 49-4-610(4)(A) requires a parent that has been granted an improvement period be responsible for the initiation and completion of all terms of the improvement period. The record shows that petitioner failed to complete any of the terms of her improvement period. Petitioner tested positive for illicit substances in June of 2016 and stopped submitting to drug screens in August of 2016, except for one screen in January of 2017, for which she tested positive for illicit substances. She also stopped participating in parenting and adult life skills training in September of 2016 and failed to appear for her psychological evaluation and substance abuse evaluation. Further, petitioner visited her children for a few weeks in July and August of 2016, and then stopped visiting altogether. Based on this evidence, we find no error in the circuit court's finding that the DHHR made reasonable efforts to achieve reunification despite the constant change in workers in the case.

Lastly, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order

must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 13, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker